**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wilfrido Bonilla VASQUEZ, Defendant–Appellant.**

**No. 88–2775**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 19, 1989.

Roland E. Dahlin, II, Federal Public Defender, Marjorie A. Meyers, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Kathlyn Giannuala, Francis H. Stacy, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendant Wilfrido Bonilla Vasquez raises questions concerning the application of the Federal Sentencing Guidelines ("Guidelines"). Vasquez pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. He received a 97–month sentence under the Guidelines, the minimum sentence shown for his adjusted offense level of 30. His base offense level of 28, based upon the weight of the cocaine involved, was increased two levels for possessing a gun during the commission of the offense pursuant to section 2D1.1(b)(1), and another two levels for play-

ing a primary role in the offense under section 3B1.1(c), and was decreased two levels for accepting responsibility for his actions under section 3E1.1(a). Defendant now contests the increases under sections 2D1.1(b)(1) and 3B1.1(c). We agree that the former adjustment was inappropriate but not the latter. Accordingly, we vacate and remand so that defendant may be re-sentenced.

## I.

Guidelines § 2D1.1(b)(1) directs sentencing courts to increase the offense level two points "[i]f a firearm or other dangerous weapon was possessed during commission of [a drug-related] offense." In this case, the police found a loaded .38 caliber pistol in a search of defendant's bedroom after he had been arrested, several miles away, at the scene of the purchase. It is a strained interpretation, given this situation, to conclude that defendant possessed the gun during the commission of the offense, even applying the deferential clearly-erroneous standard of review.

If defendant had been convicted on the related conspiracy count, which was dropped as a part of his plea bargain, our decision might be different, as the court's findings that he made phone calls from his home and stored drug paraphernalia and cash there in furtherance of the conspiracy do not appear to be clearly erroneous. Cf. *United States v. Otero*, 868 F.2d 1412, 1414–15 (5th Cir.1989); *United States v. Franco–Torres*, 869 F.2d 797, 800–01 (5th Cir.1989). However, as a matter of law these findings do not reveal sufficient connections to the possession offense to justify a section 2D1.1(b)(1) adjustment.

The factual differences between this case and *United States v. Otero* are instructive. There, the defendant *sold* cocaine to undercover agents at defendant's hotel room; the agents found a handgun and ammuni-

tion in defendant's van parked outside. Although the district court did not find that the defendant possessed a firearm when the cocaine was delivered, it found that he had transported the substance in the van with the firearm in his possession. "Thus the court's factual conclusion that Otero constructively possessed a weapon during the commission of the offense is not clearly erroneous." 868 F.2d at 1415.

Here, by way of contrast, the defendant, although similarly charged with possession with intent to distribute, was engaged in a "reverse buy" operation: At a parking lot remote from his home, he *bought* cocaine from an agent; no weapon was found on or near him. His apartment was then searched; the agents found drug paraphernalia and large amounts of cash, but no drugs. Separate from the drugs and money, on a bedroom night table, was found a revolver which defendant later admitted he had owned during the period in which he was dealing in drugs.

But it is undisputed that the cocaine for which defendant was arrested had been furnished by the agent and never reached defendant's apartment; there is no showing that the gun and the drugs were ever less than several miles apart. Thus, we cannot say that the weapon was "possessed during commission of the offense" of possession, Guidelines § 2D1.1(b)(1), or that the weapon was "present" *and* that it is probable that the weapon was "connected with the offense." *Id.*, commentary.[1] Although this is a close case, we believe that the adjustment made was inappropriate and must be vacated.[2]

## II.

Guidelines § 3B1.1(c) requires a two-level increase in offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity."

---

1. The commentary further instructs that "[f]or example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."

2. We note, however, that whether the gun in question was lawfully possessed is irrelevant to

our determination of the appropriateness of the adjustment. Our decision in *United States v. Prieto–Tejas*, 779 F.2d 1098, 1104–05 (5th Cir. 1986), has no effect upon firearms-related adjustments under the Guidelines. *Otero*, 868 F.2d at 1414–15.

Here the district court increased defendant's offense level pursuant to this provision because he recruited and directed a codefendant, was the main participant in negotiations with an undercover officer, and used his apartment as a base of operations. Taken together, these factors without question justify an increase under section 3B1.1(c). *See United States v. Mejia-Orosco*, 867 F.2d 216, 220–22 (5th Cir.), *on petition for rehearing*, 868 F.2d 807 (5th Cir.1989); *United States v. Davis*, 868 F.2d 1390, 1391–92 (5th Cir.1989). As these findings were not clearly erroneous, we reject defendant's challenge to the adjustment. 18 U.S.C. § 3742(d); *Mejia-Orosco*, 867 F.2d at 221; *Davis*, 868 F.2d at 1391.

### III.

The 97–month sentence which defendant received is the minimum sentence recommended for his offense level of 30. Based upon our conclusion that the two-level increase under section 2D1.1(b)(1) was improper, defendant's true adjusted offense level should have been 28, for which 97 months is the maximum indicated. As a part of the plea bargain, the government had sought only the minimum sentence in the recommended range for defendant's offense level—a request which the sentencing judge appears to have granted.

Accordingly, even though the sentence received is still within the recommended range for the reduced offense level of 28, we remand for reconsideration of the sentence. Of course, we express no view as to what sentence defendant should receive; we remand exclusively so that the district court can exercise its sentencing discretion in accordance herewith.

The sentence is VACATED; the case is REMANDED for resentencing.