same neighborhood—a situation for which Familystyle argues. The state's group home dispersal requirements are designed to ensure that mentally handicapped persons needing residential treatment will not be forced into enclaves of treatment facilities that would replicate and thus perpetuate the isolation resulting from institutionalization.

We are not persuaded that any intent to discriminate against the handicapped lies beneath the surface of the state and local dispersal requirements and the purposes of deinstitutionalization. We have been given no reason to believe that Familystyle is incapable of dispersing its group homes and integrating its clients into the community. Accordingly, we conclude that the goal of deinstitutionalization remains a valid and legitimate end that the State of Minnesota and the City of St. Paul are pursuing through legally acceptable means.

The district court's judgment is affirmed.

Dennis R. Holmes, Pierre, S.D., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.

PER CURIAM.

Rudolfo Ojeda and Dwight Cloud appeal from drug related sentences imposed by the district court under the sentencing guidelines. The district court found Ojeda acted as an organizer or leader and Cloud as a manager or supervisor. The district court then increased Ojeda's offense level by four and increased Cloud's offense level by three. *See* U.S.S.G. § 3B1.1. Ojeda and Cloud contend the record contains insufficient evidence to support the district court's findings.

Having reviewed the record, we do not believe the district court's findings are clearly erroneous. *See* 18 U.S.C. § 3742(e) (1988); *United States v. Pierce*, 907 F.2d

**UNITED STATES of America, Appellee,**

v.

**Rudolfo OJEDA, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Dwight CLOUD, Appellant.**

**Nos. 90–5249SD, 90–5250SD.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1990.

Decided Jan. 8, 1991.

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

56, 56 (8th Cir.1990) (per curiam). Because there is ample evidence of Ojeda's and Cloud's participatory roles apart from the quantities of cocaine involved, we also reject Ojeda's and Cloud's arguments that they were subjected to double counting in sentencing. *See United States v. Fuller,* 897 F.2d 1217, 1221–22 (1st Cir.1990).

Accordingly, we affirm Ojeda's and Cloud's sentences. *See* 8th Cir.R. 47B.

**Christopher H. BUCKLEY and Lyman I. Owen, on behalf of themselves and as representatives of the class of persons similarly situated, Appellants,**

v.

**CONTROL DATA CORPORATION, Control Data Research, Inc., and Control Data Research Limited Partnership, Appellees.**

No. 89–5452.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Jan. 8, 1991.

Vance K. Opperman, Minneapolis, Minn., for appellants.

Richard G. Wilson, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, TIMBERS,[*] Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Christopher H. Buckley and Lyman I. Owen appeal from a judgment of the district court [1] dismissing their claims against Control Data Corporation, Control Data Research, Inc. and Control Data Research Limited Partnership.[2] Appellants filed this diversity action in multiple counts seeking to recover damages for losses sustained

---

[*] The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

[1.] The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

[2.] Control Data Research, Inc., is a wholly owned subsidiary of Control Data Corporation, and is also the only general partner of Control Data Research Limited Partnership.