942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Michael SCHREMSER, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando GARCIA-SOTO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge VALENCIA-FERMIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Efren Rueben AGUILAR-GONZALEZ, Defendant-Appellant.
 No. 90-50369.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1991.
Decided Aug. 22, 1991.
 
 Before BOOCHEVER, KOZINSKI and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 The appellants, each convicted of possession with intent to distribute approximately 47.1 kilograms of marijuana after pleading guilty pursuant to a plea agreement, challenge their sentences on appeal.
 
 
 2
 * David Schremser was sentenced to thirty-three months' imprisonment, with a three-year term of supervised release. Schremser makes several arguments with respect to the district court's two-point increase in the offense level pursuant to the Sentencing Guidelines' firearm enhancement for narcotics crimes, United States Sentencing Comm'n, Guidelines Manual § 2D1.1(b)(1) (Nov.1989) [hereinafter Guidelines ].
 
 
 3
 * The district court denied Schremser an evidentiary hearing on whether to apply the firearm increase. We review the denial of an evidentiary hearing for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1148 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 4
 Schremser had the opportunity to raise any disputed factual matters from the presentence report prior to the district court's sentence. United States v. Rigby, 896 F.2d 392, 394-95 (9th Cir.1990); see also United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990) (opportunity to submit written objections sufficed), cert. denied, 111 S.Ct. 1335 (1991). Schremser did in fact object to the enhancement prior to sentencing, but he made only a legal argument; he did not raise any factual dispute nor request a hearing before the district court ruled. Any attempt to argue the facts after sentencing came too late. The district court did not abuse its discretion in denying the evidentiary hearing.
 
 B
 
 5
 Schremser's plea agreement stated in part that the government would not argue that the firearm should be used to enhance Schremser's offense level. Schremser contends that the government did not fulfill its obligation because it failed to make an "affirmative recommendation" against the upward adjustment. A claim that the government breached a plea agreement must be reviewed de novo. United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988) (per curiam).[1]
 
 
 6
 This circuit has required the government to adhere strictly to the letter of plea agreements. See, e.g., id.; United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). However, we know of no additional "enthusiasm" requirement in the law or in the plea agreement. See United States v. Mata-Grullon, 887 F.2d 23, 24 (1st Cir.1989) (per curiam). Schremser fails to note any comments made by the government contrary to the plea agreement. There is no indication that the government failed to comply with its obligation.[2]
 
 C
 
 7
 Schremser argues that the district court erred in concluding that section 2D1.1(b)(1) applied to him. The district court's ruling must be upheld unless clearly erroneous. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). Schremser may be held accountable for a cohort's possession if the possession furthered the crime and was reasonably foreseeable to him. See Guidelines § 1B1.3; see also Garcia, 909 F.2d at 1350 (adjustment made although defendant did not know that cohort had gun); Willis, 899 F.2d at 875.
 
 
 8
 For the purposes of section 2D1.1(b)(1), no connection between the offense and the possession need be shown except contemporaneity unless it is "clearly improbable" that the two are unconnected. United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990). Here the connection is not improbable, because the gun was found at a nearby motel room and a reasonable inference is that Schremser (or his roommate) was carrying it in connection with the drug transaction. This fact distinguishes this case from United States v. Vasquez, 874 F.2d 250 (5th Cir.1989). See United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990) (distinguishing Vasquez similarly); see also United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991) (discussing circuit's expanding boundaries within which a firearm may be found and still be considered connected to the offense).[3] The district court's conclusion was not clearly erroneous.
 
 II
 
 9
 Armando Garcia-Soto was sentenced to thirty-three months' imprisonment, with a three-year term of supervised release. Garcia-Soto challenges the district court's two-level upward adjustment of Garcia-Soto's offense level for Garcia-Soto's role as an organizer, leader, manager or supervisor of criminal activity, see Guidelines § 3B1.1(c). The district court's determination is reviewed for clear error. United States v. Avila, 905 F.2d 295, 298 (9th Cir.1990).
 
 
 10
 In Avila, we emphasized the appellant's coordination of narcotics procurement and distribution and the numerous sources for appellant's drugs in upholding a finding that appellant was an "organizer." See id. at 299. Garcia-Soto participated in several meetings with a government agent where details of a large drug transaction were discussed. Once he instructed another to telephone a narcotics supplier. Moreover, Garcia-Soto demonstrated his willingness to sell narcotics on several occasions. Although the supporting evidence is not overwhelming, we cannot conclude that the district court clearly erred in reaching its determination as to Garcia-Soto's role in the transaction. Compare id. at 298-99 (described above) with United States v. Mares-Molina, 913 F.2d 770, 773-74 (9th Cir.1990) (mere ownership of warehouse in which cocaine was off-loaded is not sufficient to establish "leadership").
 
 III
 
 11
 Jorge Valencia-Fermin and Efren Rueben Aguilar-Gonzalez were each sentenced to twenty-one months' imprisonment, with a three-year term of supervised release. Each challenges the district court's refusal to grant downward role adjustments, see Guidelines § 3B1.2. The district court's determination whether a defendant had a mitigating role is reviewed for clear error, United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990), with the defendant bearing the burden of demonstrating entitlement by a preponderance of the evidence, United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 12
 * Valencia-Fermin was granted a two-level "minor" role adjustment, but contends on appeal that he was deserving of a four-level "minimal" role downgrade. The undisputed facts in the presentence report establish that Valencia-Fermin was among the passengers in the car used to transport the marijuana to a restaurant. The amount of narcotics involved was substantial. Valencia-Fermin warned others that cars in the parking lot looked like police cars. Moreover, Valencia-Fermin lied to the probation officer about how he had arrived at the parking lot and his knowledge of the drugs' presence.
 
 
 13
 In United States v. Sanchez-Lopez, 879 F.2d 541 (9th Cir.1989), we upheld the denial of a downward role adjustment to the passenger in a vehicle containing a large quantity of heroin because the quantity of drugs was large and the passenger's fingerprints were on some of the bags of heroin, suggesting deeper involvement than simply "guard" duty. See id. at 557-58. Similarly, Valencia-Fermin's untruthful attempts to minimize his involvement to the probation officer cast doubt upon his assertions of minimal involvement, in combination with his presence in a car containing large quantities of narcotics and his active look-out for police cars.
 
 
 14
 Even if these facts indicate that Valencia-Fermin was little more than a courier or guard, "courier status alone does not require a role reduction. Culpability, not courier status, is the key." United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (citing United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir.1989), cert. denied, 110 S.Ct.1957 (1990)). Where the quanity of drugs is large, a mitigating role adjustment is difficult to establish. See Sanchez-Lopez, 879 F.2d at 557-58 (stating "[t]he factors considered by the district court are comparable to those found appropriate by the Fifth Circuit," and then citing a number of the "quantity of drugs" cases). We are not persuaded that the district court clearly erred in determining that Valencia-Fermin did not establish entitlement to a greater downward adjustment than that which he received.
 
 B
 
 15
 The district court did not grant Aguilar-Gonzalez any downward adjustment for minor or minimal role. Aguilar-Gonzalez claims that his involvement amounted to riding in a pickup truck carrying the marijuana, and appearing at one meeting at a motel on the same day. Aguilar-Gonzalez urges that his late arrival on the scene demonstrates that he was not involved in the ongoing drug operations.
 
 
 16
 Among the undisputed facts were the amount of drugs, which was substantial, and that Aguilar-Gonzalez (unlike Valencia-Fermin) not only was present at a meeting where the group finalized the drug transaction plans, suggesting more than mere "mule" status, but that others at the meeting trusted Aguilar-Gonzalez to make or feign to make the phone call to the supplier.[4] Others trusted Aguilar-Gonzalez as a lookout during the drug delivery. Actions "demonstrating that [defendant] was trusted with responsibility in the deal" are indicative of a role more substantial than minimal or minor. Zweber, 913 F.2d at 710.
 
 
 17
 The district court did not clearly err. Aguilar-Gonzalez did not meet his burden of establishing that he was "substantially" less culpable than the "average participant" in a drug possession crime, either generally (as that crime is understood) or in comparison with his co-defendants. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.1991).
 
 IV
 
 18
 The sentences are affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court, of course, could not be bound by the plea agreement. See, e.g., Guidelines § 6B1.4(d) (including comment)
 
 
 [2]
 The district court opined that the government satisfied its duty; the court then found the two-point enhancement appropriate based on the probation department report and United States v. Willis, 899 F.2d 873 (9th Cir.1990), decided between the time of the plea and Schremser's sentencing
 
 
 [3]
 In addition, Schremser relies on United States v. Kahng, 904 F.2d 1219 (8th Cir.1990). In that case the court reversed a firearm adjustment because the government and defendant had stipulated that the firearm in question had no relationship to the crime. The Kahng court found the stipulation persuasive and ruled that the firearm adjustment was inappropriate. See id. at 1224. Here, the district court was not obliged to be similarly persuaded
 
 
 [4]
 Aguilar-Gonzalez alleges that he did not actually call anyone but was playing with the phone at the December 12 meeting