982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Robert BENCOMO, Appellant.
 No. 92-2549.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 30, 1992.
 
 Before MAGILL, BEAM, Circuit Judges, and LARSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Robert Bencomo appeals the 121-month prison sentence imposed on him by the district court[1] following his guilty plea to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. He argues the district court erred in sentencing him at the high end of the Guidelines range and in increasing his base offense level under U.S.S.G. § 3B1.1(b) for being a manager or supervisor in criminal activity.
 
 
 2
 We affirm.
 
 
 3
 The PSR set Bencomo's offense level at 29 (base offense level of 28, plus three levels for his role in the offense, minus two levels for acceptance of responsibility) and his criminal history category at II. The Guidelines range was 97 to 121 months. The PSR noted, however, that Bencomo's criminal history category might not accurately reflect his past criminal conduct or the likelihood he would commit other crimes.[2] Bencomo objected to the PSR's increase of his offense level for his role in the offense, its inclusion as "other criminal conduct" his four arrests between 1968 and 1972, and its implication that an upward departure was warranted. Bencomo asserted that his offer to assist the government in an investigation of cocaine trafficking actually warranted a downward departure. In written tentative findings, the district court stated that the PSR's inclusion of Bencomo's prior arrests was proper under U.S.S.G. § 4A1.3(e), p.s., which allows the court to consider as a basis for an upward departure "prior similar adult criminal conduct not resulting in a criminal conviction." The court also stated that it had no authority to depart downward. The district court ordered an evidentiary hearing, at which Bencomo and a coconspirator, Craig McIntosh, testified.
 
 
 4
 The district court found that the testimony confirmed that Bencomo was a manager or supervisor because he obtained the supplier and brought together the supplier and McIntosh, the buyer. Although the court did not depart upward, the court stated that it sentenced Bencomo at the top of the Guidelines range because of his previous drug conviction and his other previous non-drug related criminal activities.
 
 
 5
 Bencomo now argues that, because he was a minor player in the criminal activity, acted only as a "go-fer" or "messenger-boy," and did not set the amount of drugs to be purchased or the price or terms of payment, the district court erred in increasing his offense level for being a supervisor or manager. Bencomo also argues that the district court abused its discretion in sentencing him at the high end of the Guidelines range. He asserts that in sentencing him at the high end, the district court did not give him "credit" for his offer to cooperate with the government, and the district court should not have considered his prior conduct that did not result in criminal convictions.
 
 
 6
 We will not overturn a district court's finding that a defendant is a manager or supervisor in criminal activity unless it is clearly erroneous. United States v. Montanye, 962 F.2d 1332, 1348 (8th Cir.), cert. denied, Bruton v. United States, 113 S. Ct. 418 (1992), and cert. denied, Calia v. United States, 61 U.S.L.W. 3370 (U.S. Nov. 17, 1992) (92-5376). The district court's finding was not clearly erroneous. Although Bencomo did not negotiate the price or amount of drugs purchased, there was testimony indicating that Bencomo managed the activities, and was the only link between the source of the drugs and the customer. In return for a fee, Bencomo brought McIntosh and the supplier together. He also provided the place and arranged the date and time for the exchange of money and drugs. See United States v. Lawrence, 918 F.2d 68, 72 (8th Cir. 1990) (to be manager or supervisor in drug conspiracy, defendant need not control or manage coconspirators, it is sufficient if defendant managed criminal activity), cert. denied, 111 S. Ct. 1399 (1991); United States v. Pierce, 907 F.2d 56, 57 (8th Cir. 1990) (per curiam) (in sentencing defendant as manager or supervisor, court considered fact that defendant was key link between California suppliers and Iowa distributors and consumers).
 
 
 7
 The district court's decision to sentence Bencomo at the high end of the Guidelines range is not reviewable. There is no indication that the sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) ("[a] sentence is not reviewable merely because it is at the top of a properly calculated Guideline range").
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 In regard to Bencomo's criminal history, the PSR indicated that Bencomo had been convicted three times for drug offenses in 1969, 1972, and 1984, and had been arrested four other times between 1968 and 1972 on theft and drug charges