37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Floyd L. RUSSELL, Appellant.
 No. 93-3141.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: October 7, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Floyd L. Russell appeals the district court's[1] three-level upward adjustment pursuant to U.S.S.G. Sec. 3B1.1 and the court's imposition of sentence despite Russell's lack of opportunity to review the Presentence Investigation Report (PSI) a reasonable time before the sentencing hearing. We affirm.
 
 I. BACKGROUND
 
 2
 Russell was a member of a conspiracy to distribute crack cocaine that involved Tracy Lomax, Oscar McMurray, Stephanie Lomax, Amber Allen, Troy Brooks, Jacqueline Fleming and Cynthia Gamble between October 1988 and November 1991. The cocaine was transported to Omaha, Nebraska, in powder form and then "cooked" into crack in Omaha. Part of the money received from the crack sales was transferred by Western Union to Tracy Lomax on the West Coast.
 
 
 3
 On May 24, 1991, Troy Brooks was arrested at Eppley Airfield in Omaha for possession of approximately one pound of powder cocaine. Brooks brought the cocaine from Los Angeles, California, at the direction of Tracy Lomax. Brooks was to deliver the powder cocaine to Russell who supervised the "cooking" and distribution operations. After Brooks was arrested, Russell hired Victor Morgan to attempt a pick up of the cocaine.
 
 
 4
 On May 27, 1991, a search warrant for the residence of Floyd Russell at 1205 North 34th Street in Omaha was executed. A pager, a cellular phone and papers relating to his involvement with Troy Brooks and Tracy Lomax were seized at Russell's residence. Statements from co-defendants Jacqueline Fleming and Cynthia Gamble indicate Russell cooked crack cocaine for distribution and that he sold crack cocaine to Ms. Gamble. Omaha Police Officer Stephen A. Sanchelli provided similar testimony at the sentencing hearing. Sentencing Tr. at 6-18 (July 30, 1993).
 
 
 5
 Numerous transcript excerpts of the trial of Tracy Lomax, Oscar McMurray and Stephanie Lomax were offered and received at defendant's sentencing hearing. These exhibits further detail Russell's participation in the drug trafficking conspiracy.
 
 II. DISCUSSION
 A. Russell's Role in the Offense
 
 6
 Russell contends that the district court erred in enhancing his sentence three levels under U.S.S.G. Sec. 3B1.1 for his management role in the offense. The district court's enhancement under U.S.S.G. Sec. 3B1.1 is a factual finding that we review under the clearly erroneous standard. United States v. Ortiz-Martinez, 1 F.3d 662, 676 (8th Cir. 1993). Reversal of such an enhancement is warranted only when we are "left with a definite and firm conviction that a mistake has been made." United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992).
 
 
 7
 In United States v. Adipietro, 983 F.2d 1468 (8th Cir. 1993), we discussed the showing required for a Sec. 3B1.1 enhancement:
 
 
 8
 [Under] Section 3B1.1(b) ... a sentencing court ... must find (1) that the defendant was a manager or supervisor and not an organizer or leader, and (2) the conspiracy consisted of at least five or more participants or was otherwise extensive.... Whether a defendant is a manager or supervisor should be determined by considering, among other things, whether the defendant recruited accomplices and the degree of control and authority exercised by the defendant over others. U.S.S.G. Sec. 3B1.1, application note 3.
 
 
 9
 Id. at 1473 (emphasis added).
 
 
 10
 Russell himself provides strong evidence that he was a manager and supervisor of a conspiracy involving Oscar McMurray, Tracy Lomax, Amber Allen and Stephanie Lomax. Specifically, Russell admitted to law enforcement that he was Tracy Lomax's "accountant." Sentencing Tr. at 8-9 (July 30, 1993). Russell also told Omaha police that his role in the conspiracy was not to touch the cocaine, but to get the crack onto the street by contacting individuals who were selling the crack. Russell was then to collect money from these individuals to "pay some bills" and send money out to Tracy Lomax in Portland, Oregon, via Western Union money transfers. Sentencing Tr. at 10 (July 30, 1993).
 
 
 11
 The district court correctly found that the Adipietro showing had been made when it examined the evidence of Russell's role as manager and supervisor during Russell's July 30, 1993 sentencing proceeding:
 
 
 12
 First of all, the defendant has admitted to Officer Sanchelli that he was an accountant for the drug conspiracy. Second of all, the evidence indicates that he, at the direction of Tracy Lomax, provided money which facilitated the travel of Troy Brooks ultimately resulting in a large quantity of cocaine being brought back to Nebraska. In that connection, I think the evidence is persuasive that he paid Victor Morgan to retrieve the cocaine. In fact, he followed Morgan to the airport.
 
 
 13
 In sum, the evidence reflects that the defendant was Tracy Lomax's manager in Omaha and particularly when Lomax or his sister were not present.
 
 
 14
 Sentencing Tr. at 24-25 (July 30, 1993).
 
 
 15
 This court has held that where the defendant acts as a main contact person, as a key link between a source of supply and distributor and customer, and is supplying drugs on a regular basis, strong support exists for the conclusion that the defendant is operating in a managerial or supervisory role under Sec. 3B1.1(b). United States v. Pierce, 907 F.2d 56 (8th Cir. 1990). Therefore, we hold that the district court properly concluded that Russell acted as a manager in the offense.
 
 B. Ten-Day Notice
 
 16
 Russell alleges that the government failed to provide him the PSI ten days in advance of the sentencing hearing. The United States District Court Probation Office mailed the PSI to Russell and his attorney on June 8, 1993, and mailed an Addendum to the PSI on June 23, 1993. These documents indicate that both the PSI and the Addendum to the PSI were sent to Russell and his lawyer more than ten days before his July 30 sentencing. We reject this argument as lacking a factual basis.
 
 
 17
 We have reviewed Russell's other claims and conclude that they are without merit.
 
 III. CONCLUSION
 
 18
 We affirm the district court's sentence.
 
 
 
 *
 *THE HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska