# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1650

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Edwin Obafemi Prosper, also known as | * | |
| Jason Amos Knight, also known as | * | |
| Richard Billy Ayers, also known as | * | |
| Eric Amos Freeman, also known as | * | |
| Steve Freeman, also known as Victor | * | |
| Ricky Douglas, also known as Samuel | * | |
| Batey, also known as Emmanuel Van | * | Appeal from the United States |
| Ricks, | * | District Court for the |
| | * | District of Minnesota. |
| Appellant. | * | [UNPUBLISHED] |
| | * | |
| -------------------- | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Edwin Obafemi Prosper, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 7, 1998

Filed:  November 2, 1998
_____

Before WOLLMAN, HANSEN, and MURPHY , Circuit Judges.
_____

PER CURIAM.

Pursuant to a written plea agreement, Edwin Obafemi Prosper pleaded guilty to one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), and to one count of conspiring to defraud a financial institution, in violation of 18 U.S.C. § 371.  As relevant, Prosper objected to the presentence report's two-level role-in-the-offense enhancement and to the calculation of his criminal history score.  After a hearing, the district court[1] overruled both objections, but granted Prosper's motion for a downward departure after concluding that Prosper's criminal history score overstated the seriousness of his criminal history.  The district court then sentenced Prosper to 40 months' imprisonment and three years' supervised release, and ordered him to pay $269,288 in restitution jointly and severally with his co-defendants.  Prosper appeals, and we affirm.

Prosper first challenges the district court's order of restitution.  We reject this challenge.  Prosper stipulated in his plea agreement that the district court should impose restitution in this amount, and a district court does not err in ordering restitution in an amount "agreed to by the parties in [the] plea agreement."  18 U.S.C. § 3663(a)(3); see United States v. Bartsh, 985 F.2d 930, 933 (8th Cir. 1993) (no error for district court

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

to order defendant to pay restitution that was within terms of plea agreement), <u>cert. denied</u>, 510 U.S. 1170 (1994).

Prosper next argues that the district court erred in assessing one criminal history point for his prior conviction in Georgia for the misdemeanor offense of giving a false name to a police officer, because the conviction was uncounseled. We reject this argument as well, because imprisonment was not imposed for the false-name conviction; rather Prosper received a sentence of 12 months' probation, a fine, and five days' community service. <u>See</u> U.S. Sentencing Guidelines Manual § 4A1.2, comment. (backg'd) (1997) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed."); <u>Nichols v. United States</u>, 511 U.S. 738, 748-49 (1994) (uncounseled misdemeanor conviction valid under <u>Scott v. Illinois</u>, 440 U.S. 367 (1979), because no prison term was imposed, is also valid to enhance punishment at subsequent conviction); <u>Scott v. Illinois</u>, 440 U.S. 367, 373 (1979) ("actual imprisonment" is line defining constitutional right to counsel).

Prosper also argues that including the false-name conviction in his criminal history score violates equal protection, because if he had been convicted in Minnesota, he would not have received under Minnesota law a sentence that would have resulted in criminal history points in a subsequent federal sentencing. This argument fails. Under the Minnesota statutory scheme he could have received a sentence of at least 30 days' imprisonment for giving a false name to a peace officer--a sentence that would have triggered one criminal history point, just as his Georgia sentence of 12 months' probation did. <u>See</u> Minn. Stat. Ann. § 609.03 (West 1987) (for misdemeanor offense defendant can be sentenced to not more than 90 days' imprisonment or to pay fine of $700, or both); U.S. Sentencing Guidelines Manual § 4A1.2(c) (1997) (for offense of giving false information to police officer, sentence is counted only if it was at least one year probation or 30 days' imprisonment).

Last, assuming that Prosper's plea agreement stipulation does not foreclose his challenge on appeal to the two-level aggravating role enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1997), see United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam), the district court did not clearly err in applying the enhancement based on testimony that Prosper controlled the disbursement of funds; that he received a larger share of the proceeds, as evidenced by the money he sent to co-defendant Carmichael Febabor versus the amount he kept; that he instructed Febabor on how to set up the scheme, and set up all the accounts in Georgia; and that he set up post-office boxes and leased property in connection with the scheme. Moreover, Prosper admits in his brief that he recruited Febabor. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1997) (court should consider, among other things, defendant's decision-making authority and degree of participation in planning offense, whether defendant recruited accomplices, whether defendant claimed greater profit from crime, and defendant's control and authority over others); United States v. Mayer, 130 F.3d 338, 339-40 (8th Cir. 1997) (§ 3B1.1(c) enhancement applies so long as criminal activity involves more than one participant and defendant played coordinating or organizing role); United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (standard of review); United States v. Pierce, 907 F.2d 56, 57 (8th Cir. 1990) (per curiam) (finding that recruitment of accomplices strongly supported managerial or supervisory role).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-