# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1143

_____

United States of America

*Plaintiff - Appellee*

v.

Armando Reyes-Ramirez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 10, 2018
Filed: March 6, 2019

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Armando Reyes-Ramirez pleaded guilty to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The Presentence Investigation Report (PSR) recommended finding that Reyes-Ramirez was an organizer or leader of an extensive conspiracy to distribute methamphetamine from California to Minnesota and imposing a four-level enhancement under USSG § 3B1.1(a). At sentencing, sustaining Reyes-Ramirez's objections to the PSR in part,

the district court[1] found, consistent with the government's position, that he was a manager or supervisor of the criminal activity and imposed the three-level enhancement in § 3B1.1(b), resulting in an advisory guidelines range of 262 to 327 months in prison. The district court varied downward significantly and sentenced Reyes-Ramirez to 144 months. He appeals, arguing the district court clearly erred in imposing the three-level role enhancement. We affirm. See United States v. Gaines, 639 F.3d 423, 427-28 (8th Cir. 2011) (standard of review).

We recite pertinent facts from the PSR to which Reyes-Ramirez did not object or as to which his objections were overruled. On May 12, 2015, Iowa law enforcement stopped Eloy Flores driving a rental car loaded with eight kilograms of methamphetamine. Flores informed officers that, acting on instructions from Reyes-Ramirez, Flores had rented the vehicle in California, picked up methamphetamine in Orange County, and was transporting the illegal drugs to Minnesota, where he was instructed to contact Reyes-Ramirez for directions regarding delivery.

A cooperating individual (CI) then contacted Reyes-Ramirez and was told to rent a hotel room in Minnesota, deliver one half of the methamphetamine to Reyes-Ramirez's sister, Leticia, and await further instructions regarding delivery of the second half of the shipment. After renting the hotel room, the CI delivered four of eight packages of methamphetamine to Leticia, who arrived in a car registered to Reyes-Ramirez. Leticia told the CI to deliver the remaining methamphetamine to Adan Flores-Lagonas at an address in Austin, Minnesota. Leticia was arrested upon leaving the hotel room. She informed officers that she had received $8,000 from Flores-Lagonas earlier that day, that Reyes-Ramirez directed her to deposit the money in a Wells Fargo bank account, and that she had previously deposited money into various bank accounts and sent money to Mexico at Reyes-Ramirez's direction.

---

[1] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

In declining to impose a four-level role in the offense enhancement, the district court sustained Reyes-Ramirez's objections to statements in the PSR that he "deposited drug proceeds for his personal benefit, rather than for the benefit of the drug-trafficking organization, and to the extent that they state that he directed members of the Flores family." The court adopted the remaining fact statements in the PSR. In imposing the three-level role enhancement, the court explained:

> Defendant regularly provided logistical instructions to his U.S.-based co-conspirators regarding drug-trafficking conduct, and he recruited his sister to assist in the conspiracy. However, he engaged in this conduct at the direction of other unindicted co-conspirators. . . . There is no evidence that Defendant exercised any independent discretion in providing instructions to domestic co-conspirators and there is no evidence that he claimed a larger share of the drug-trafficking conspiracy than his co-defendants or co-conspirators. The Court concludes that a 3-level manager enhancement accurately reflects Defendant's role.

A three-level enhancement is warranted "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). Reyes-Ramirez concedes this conspiracy involved five or more participants. In distinguishing a four-level leadership role from a three-level management role, the Guidelines direct a court to consider multiple factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

§ 3B1.1, comment. (n.4). We construe the terms "manager" and "supervisor" broadly. Gaines, 639 F.3d at 428. The enhancement may apply even if a defendant managed or supervised only one person in a single transaction. United States v. Garrison, 168 F.3d 1089, 1095-96 (8th Cir. 1999).

In this case, the district court carefully weighed the relevant factors in finding that Reyes-Ramirez warranted a three-level manager, but not a four-level leadership role enhancement. We have no difficulty concluding there was no clear error. Reyes-Ramirez provided courier Flores instructions and logistical support in bringing eight kilograms of methamphetamine from California to Minnesota. As in United States v. Pierce, Reyes-Ramirez was the "key link" between the conspiracy's source of supply in California and its local distributors in Minnesota. 907 F.2d 56, 57 (8th Cir. 1990). When the drugs arrived in Minnesota, Reyes-Ramirez instructed a CI by telephone where to bring them and how to deliver them to two local co-conspirators. Thus, as in United States v. Moreno, Reyes-Ramirez "supervised the conspiracy's [Minnesota] deliveries and payments." 679 F.3d 1003, 1005 (8th Cir. 2012). "The fact that [Reyes-Ramirez] reported to others in the conspiracy does not negate his role in managing and supervising the activities of a co-conspirator." United States v. Rodriguez, 741 F.3d 908, 912 (8th Cir. 2014). In addition, the fact that Reyes-Ramirez recruited his sister to assist in methamphetamine deliveries and payments in Minnesota provides "strong support" for the finding that he played a managerial or supervisory role. Pierce, 907 F.2d at 57.

The judgment of the district court is affirmed.

_____