967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique PIMENTAL-REYES, Defendant-Appellant.
 No. 91-30244.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Pimental-Reyes appeals his sentence under the Sentencing Guidelines, following his plea of guilty, for one count of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] Reyes was sentenced to 121 months imprisonment and 5 years supervised release. Reyes contends that the district court erred by enhancing his sentence for possession of a firearm during the commission of a drug offense and for being a leader or manager in the criminal activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Possession of a Firearm
 
 3
 We review for clear error the district court's determination that a defendant possessed a firearm during the commission of a narcotics offense. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). In determining the offense level for an offense involving possession with intent to distribute drugs, the Sentencing Guidelines provide that "[i]f a dangerous weapon (including a firearm) was possessed [during the commission of the offense], increase [the offense level] by two levels." U.S.S.G. § 2D1.1(b)(1).
 
 
 4
 Section 2D1.1(b)(1) requires that the defendant possess the firearm during the commission of the offense, but it does not require that there be a connection between the firearm and the offense. United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989). In determining whether the defendant possessed a firearm during the commission of the offense, the district court may look to all the offense conduct and include firearms not involved in the crime of conviction. United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991) (firearm enhancement upheld where defendant pleaded guilty to distribution of drugs found in his car at the time of arrest, but where the firearms were found only after his arrest at his place of business); but cf. United States v. Kelso, 942 F.2d 680, 682 (9th Cir.1991) (firearm enhancement, for defendant who had access to the firearm but no knowledge of its presence, found to be clear error where government failed to prove that defendant had constructive possession of the firearm).
 
 
 5
 Here, subsequent to Reyes' arrest, two .45 caliber guns were found in a duffle bag at a separate location. The duffle bag also contained quantities of cocaine and heroin, and Reyes' fingerprints were found on a bag of cocaine in the duffle bag. Reyes rented the house where the guns were found, and the telephone number corresponding to that address was registered under his three-year-old daughter's name. Reyes spoke to the government agents from that location on the day of his arrest.
 
 
 6
 The district court properly considered the guns found at this separate location for the purpose of enhancing Reyes' sentence. See Willard, 919 F.2d at 610. The district court did not err by finding that Reyes possessed a firearm during the commission of his drug offense, and the court properly enhanced Reyes' sentence pursuant to section 2D1.1(b)(1). See Restrepo, 884 F.2d at 1296.[2]
 
 II. Leader or Manager in a Criminal Activity
 
 7
 We review for clear error the district court's determination that a defendant was a leader or manager in a criminal activity. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990). The Sentencing Guidelines provide that a defendant's offense level be increased by two levels "[i]f the defendant was an organizer, leader, manager, or supervisor" in the criminal activity. U.S.S.G. § 3B1.1(c).
 
 
 8
 Enhancement of the offense level pursuant to section 3B1.1(c) is proper when the defendant exhibits decisionmaking authority and a leadership role in the commission of a criminal offense. United States v. Herrera, 878 F.2d 997, 1002 (9th Cir.1989). Section 3B1.1(c) may apply to offenses involving a single criminal activity and only two participants. Carvajal, 905 F.2d at 1295.
 
 
 9
 Here, Reyes rented a house used to store drugs and weapons and placed the phone in his daughter's name. Reyes negotiated the drug transactions himself without seeking the approval of another person. Also, during the drug transaction, Reyes directed his co-defendant to get the drugs from their vehicle. The district court did not err by finding that Reyes acted as manager and leader of the criminal offense, and the court properly enhanced his sentence pursuant to section 3B1.1(c). See Carvajal, 905 F.2d at 1295; Herrera, 878 F.2d at 1002.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reyes may petition the district court to correct the judgment order which erroneously adjudicates Reyes of "distributing cocaine" rather than "possessing with intent to distribute cocaine" as charged in count two of the indictment. See Fed.R.Crim.P. 36
 
 
 [2]
 Reyes' claim that the district court failed to make a specific finding of fact as to the basis for the adjustment is without merit. A district court's acceptance of the presentence report is sufficient to establish a specific finding of fact. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990)