UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth Blaine WILLARD,
Defendant–Appellant.

No. 89–30206.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1990.
Decided Nov. 27, 1990.

**608**

Marc D. Blackman, Ransom, Blackman & Weil, Portland, Or., for defendant-appellant.

Kenneth C. Bauman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, SCHROEDER and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant appeals his sentence under the sentencing guidelines. We affirm.

I

 Appellant argues that the district court violated his fifth and sixth amendment rights in considering for sentencing purposes statements he made to arresting federal officers. The fifth and sixth amendments apply to information used at sentencing. *See United States v. Watt*, 910 F.2d 587 (9th Cir.1990). The district court's findings of fact are reviewed for clear error. *United States v. Wolf*, 813 F.2d 970, 974 (9th Cir.1987). Review of the district court's conclusion that a suspect's statement to law enforcement officers was voluntary is de novo. *Id., see also, United States v. Guerrero*, 847 F.2d 1363, 1365 (9th Cir.1988).

When appellant was arrested by federal officers, he was, according to the testimony of the officers, advised that "any cooperation [he provided] would be made known to the U.S. Attorney who would ultimately prosecute any violations of federal law." Reporter's Transcript, ("R.T.") at 5. Appellant testified that he understood "Well, he—they talked to me, if I would, you know, cooperate, that everything—it would be lighter and everything on me." R.T. at 16.

As a basis for its ruling that the statement was voluntary, the district court found:

I am satisfied that number one, as a factual matter, Mr. Willard wasn't told, You talk to us, and you will have immunity. He was not told that. He was told, We'd like you to cooperate, and if you do cooperate, we'll make the extent of that cooperation known to the U.S. Attorney, whose job it is to determine what prosecution will be brought.

Therefore to say that there was an agreement between Mr. Willard and the Government as specified in 1B1.8 is simply [to] fly in the face of the facts. There wasn't any such agreement on the 27th of October during the conversation that took place with Mr. Willard and Agent Palmer and Agent Rice and the other gentleman who was there.

R.T. 47–48.

Our circuit has held that "[a]n interrogation agent's promise to inform the government prosecutor about a suspect's cooperation does not render a subsequent statement involuntary, even when it is accompanied by a promise to recommend leniency or by speculation that cooperation will have a positive effect." *Guerrero*, 847 F.2d at 1366. There is no other evidence in the record of promises, coercion, or threats. Accordingly, we affirm the district court's ruling that appellant's statements were voluntary.

II

 Appellant also argues that his statement to federal officers after his arrest should have been suppressed, because the agents asked him for a statement, knowing he was already represented by counsel. In so doing, appellant contends, the officers violated his fifth and sixth amendment rights, as well as the ethical canon embodied in Disciplinary Rule 7–104, which forbids an attorney from directly or indirectly contacting an adverse party known to be represented by counsel without notifying counsel. Appellant failed to demonstrate that the officers knew appellant was repre-

sented by counsel at the time of the interrogation. R.T. 8–9, 13–14, 28.

Although appellant contends that the officers should not have interrogated him in the absence of counsel, whether they knew he was represented or not, appellant's reliance on *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) is misplaced. *Arizona* prohibited a second attempt at custodial interrogation of a defendant after he had already invoked his fifth and sixth amendment rights under *Miranda*, even though the officer did not know the defendant had invoked his rights. Appellant, in contrast, never invoked his fifth or sixth amendment rights after he was arrested by the federal officers and given *Miranda* warnings, nor did he inform them that he already had retained counsel. Appellant's citation to *Cahill v. Rushen*, 678 F.2d 791 (9th Cir. 1982), is likewise inapt. *Cahill* held that a confession by a defendant after his conviction could not be used in a second trial, because he had not been informed of his right to counsel. Appellant here, however, was given *Miranda* warnings. The district court did not err, therefore, in considering appellant's statements to the federal officers in determining appellant's sentence.

### III

Appellant raises the question whether the district court erred in including quantities of drugs for which he was not convicted in the computation of his offense level. This argument is foreclosed by *United States v. Restrepo (Dario)*, 903 F.2d 648 (9th Cir.), *reh. granted en banc*, 912 F.2d 1568 (9th Cir.1990), which was decided during the pendency of this appeal.

### IV

Appellant challenges the district court's enhancement of his sentence for gun possession under U.S.S.G. § 2D1.1(b)(1) ("if a firearm or other dangerous weapon was possessed during the commission of the offense"). We held in *United States v. Restrepo (Diego)*, 884 F.2d 1294, 1296 (9th Cir.1989), that "in applying § 2D1.1(b)(1) the court need not find

a *connection* between the firearm and the offense. If it finds that the defendant *possessed* the weapon during the commission of the offense, the enhancement is appropriate." The enhancement may be applied "if the weapon was present" unless it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Commentary.

The district court below adopted the facts and conclusions of the presentence report, which stated that "[t]he facts in this case suggest that it was clearly probable that the weapons were related to this offense and certainly 31 firearms, some of which were semi-automatic handguns and at least one being loaded, clearly reflect an increased danger of violence such as the commentary suggests." Excerpts of Record, (E.R.) at 23. By appellant's own admission in his statement to the officers, and in the presentence report, he had been involved in the drug trade for two or three years and some of the guns found at his place of business belonged to him. The district court's findings may be reversed only if they are clearly erroneous. *United States v. Heldberg*, 907 F.2d 91, 93 (9th Cir.1990).

The district court properly found that appellant possessed firearms during the period of time in which he was involved in the drug trade. Given the number and kind of weapons involved, and the length of time and extent of appellant's involvement in selling drugs, it was not clearly improbable that the weapons were connected to the offense.

The question we must decide is whether the statutory language "during the commission of the offense" refers to the offense of conviction, or to the entire course of criminal conduct. That issue is clearly presented here, because guns were not involved in the crime of conviction. Appellant pled guilty to a distribution offense involving only the cocaine and heroin found in his car at the time of his arrest. Guns were found only later at his place of business, some miles distant.

We are bound by the language of the guidelines, which make clear that *"specific*

*offense characteristics* ... shall be determined on the basis of ... all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. S.G. § 1B1.3(a)(2) (emphasis added).[1] Thus, for purposes of the firearm enhancement, the court properly looked to all of the offense conduct, not just the crime of conviction.

Appellant contends that this case is analogous to *United States v. Vasquez,* 874 F.2d 250 (5th Cir.1989), which held that it was error to apply the firearm enhancement when a loaded pistol was found in the defendant's bedroom, several miles away from the place where he bought a controlled substance. *Id.* at 251. Recognizing that the application of the enhancement turned on the scope of the offense, however, the *Vasquez* court noted that if the defendant "had been convicted on the related conspiracy count, which was dropped as a part of his plea bargain, our decision might be different." *Id.* The *Vasquez* court did not address the issue raised here of whether the sentencing court should have also considered evidence involved in the entire course of conduct under U.S.S.G. § 1B1.3(a)(2).

■ Finally, appellant looks to our holding in *United States v. Gillock,* 886 F.2d 220, 223 (9th Cir.1989), that possessing a gun "in close proximity" to the drugs is sufficient to allow the firearm enhancement. *See also, United States v. Heldberg,* 907 F.2d 91, 93–94 (9th Cir.1990) (unloaded revolver in locked briefcase in trunk of car could support the enhancement, because it was in close proximity to drugs found on the driver). Appellant argues that this "sufficient" condition is a necessary one, i.e., that because the evidence here does not show guns and drugs in the same place, the firearm enhancement is improper.

■ Our court has not *required* the guns and drugs to be found in proximity to each other, in order to support a firearm enhancement. The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense. Any other evidence may suffice, such as appellant's admission in this case, as long as it is of a sufficient weight to show that the defendant possessed the guns during the commission of the offense, and that it is not clearly improbable that the guns were connected with the offense. This analysis is consistent with the decision of the Sixth Circuit in *United States v. Moreno,* 899 F.2d 465, 470–71 (6th Cir. 1990), which allowed a gun enhancement on a showing that the defendant possessed weapons during the time of a drug conspiracy, without requiring evidence that the guns and drugs were in proximity.

The appellant's sentence is AFFIRMED.

---

**1.** Appellant cites *United States v. Zweber,* 913 F.2d 705 (9th Cir.1990), which held that "offense" for the purposes of the mitigating role provision of U.S.S.G. § 3B1.2 is "the offense of conviction, not collateral conduct." *Id.* However, we made clear in *Zweber* that our interpretation was grounded in the explicit language of § 3B1.2, and that "[e]xcluding collateral conduct from consideration is an exception to the Guidelines regime. Ordinarily, all 'relevant conduct' should be considered in determining the offense level." *Id.* As § 3B1.2 reductions for minor participation in an offense are not in issue here, the *Zweber* definition of "offense" does not control, and "offense" includes all conduct that was part of the same scheme.