940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex Stefan PFEIFER, Defendant-Appellant.
 No. 91-2060.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Pfeifer (Defendant) pled guilty to distributing less than 50 kilos of marijuana and was sentenced to 33 months. Defendant appeals his sentence asserting his offense level should not have been increased based upon possession of a dangerous weapon during the commission of the offense.
 
 
 3
 Following the guilty plea a presentence report was prepared and filed. The presentence report related that Defendant had been buying and receiving marijuana from Mexico and reselling it. At the time of his arrest he had over $600,000 in cash in his home and 63.3 pounds of marijuana. Based upon the quantity of marijuana Defendant would rate an offense level of 18. The presentence report stated Defendant should receive a two-level increase in the base offense level for possession of a firearm during the commission of the offense and a two-level decrease in the offense level for acceptance of responsibility.
 
 
 4
 Defendant challenged that portion of the presentence report relating to the increase in the offense level for possession of the firearm. Defendant asserted that it was " 'clearly improbable' that the firearms found in Mr. Pfeifer's upstairs bedroom had anything at all to do with the drug sale that took place three stories below in his basement." He also raised a stipulation with the prosecution to the effect that there existed no connection between the firearms found and Defendant's drug activity. Defendant also filed an affidavit admitting he possessed various weapons and stating he was a gun collector and his .22 pistol, .380 PPK-S, .44 Magnum and Sig/Sauer 9 mm guns (all handguns) were his collection and never used by him but for target shooting. He also claimed his shotgun and .270 rifle were used exclusively for hunting and target practice.
 
 
 5
 A supplemental presentence report was then filed stating that the shotgun and three pistols were loaded and prepared for immediate firing, repeating the statements of a DEA agent and a state narcotics officer that the primary purpose of the weapons was to protect Defendant's cash and drugs.
 
 
 6
 Both parties in their briefs to this court asserted that a hearing was held concerning the challenged portions of the presentence report; however this was not an evidentiary hearing, both parties apparently being willing to have the issue decided on the record. The district court found the possession of the firearms was related to the drug trafficking offense, stating as follows:
 
 
 7
 Indeed, there were ... some guns in Mr. Pfeifer's residence, specifically in the closet, there was a shot gun that was loaded and there was a .9 mm semi-automatic pistol that was loaded with two extra magazines in the case. There was a PPK .380 and it was loaded with seven rounds, and one in the chamber.
 
 
 8
 And I am not convinced that somebody who contends that he has these guns for purposes of hunting would have a loaded firearm in the closet, regardless of where the controlled substances were found within the premises, the fact that they're in the basement or any other place in the house, as long as they as they are in the house, I'm persuaded--and I reach that finding without the comments of the state police, who said he was using it to protect his drug controlled substances.
 
 
 9
 We also note that one of the loaded hand guns was, according to Defendant's Affidavit, kept in a night stand in his bedroom.
 
 
 10
 On appeal Defendant attacks the factual findings of the district court arguing insufficient evidence.
 
 
 11
 The district court had before it evidence of over 50 pounds of marijuana and more than $600,000 cash located in Defendant's home at the time of his arrest. The district court also had evidence that Defendant kept in his bedroom a fully loaded shotgun and three fully loaded pistols. Drug sales were made from Defendant's home. Finally the district court had the opinion evidence of two drug enforcement officers that the weapons were used to protect both his drug inventory and his cash. Clearly this evidence is sufficient to warrant the district court's factual findings.
 
 
 12
 The applicable law is simple and undisputed. Section 2D1.1(b)(1) of the Sentencing Guidelines provides the enhancement should be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense.[1] All that is necessary is to find Defendant possessed the weapon during the commission of the offense. The court need not find a connection between the firearm and the offense. See United States v. Willard, 919 F.2d 606 (9th Cir.1990), petition for cert. filed 7/1/91 (S.Ct. No. 91-5057); United States v. Paulk, 917 F.2d 879 (5th Cir.1990); United States v. Durrive, 902 F.2d 1221 (7th Cir.1990); United States v. Luster, 896 F.2d 1122 (8th Cir.1990); United States v. Franklin, 896 F.2d 1063 (7th Cir.1990) (firearm in residence during commission of offense sufficient to sustain enhancement).
 
 
 13
 Defendant also argues that as the prosecution stipulated no connection existed between the firearms found in his possession and the count of conviction, the Government must prove such a connection prior to the sentencing court's imposition of a two-level enhancement. In view of our holding, this argument has no merit and warrants no discussion.
 
 
 14
 The judgment and sentence of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 According to the Guidelines Commentary:
 The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.
 U.S.S.G. Sec. 2D1.1(b)(1), comment. (n. 3).