954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Stephen BOWSER, Defendant-Appellant.
 No. 91-50328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 13, 1992.
 
 1
 Before WALLACE, Chief Judge, JAMES R. BROWNING, Circuit Judge, and JONES,** District Judge.
 
 MEMORANDUM
 
 2
 Bowser appeals his sentence following his guilty plea to possession with intent to distribute methamphetamine and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the district court's application of the Sentencing Guidelines de novo, and its factual findings for clear error. United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989). We affirm.
 
 
 3
 Bowser contends that the district court erred by increasing his base offense level under section 2D1.1(b)(1) for possessing a weapon during the commission of the offense. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1990) (U.S.S.G.). He concedes that a .25 caliber semi-automatic handgun was located at his business when he possessed and distributed methamphetamine from his adjoining residence at the same address. Nonetheless, he argues that these facts fail to prove by a preponderance of the evidence that he possessed the weapon during commission of the offense.
 
 
 4
 It is not necessary for the weapon and drugs to be connected or proximate to one another. United States v. Willard, 919 F.2d 606, 609, 610 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991). Enhancement is appropriate if the defendant possessed the weapon during the commission of the offense. Id. at 609; U.S.S.G. § 2D1.1(b)(1). Under the facts of this case, the sentencing court did not clearly err by finding that Bowser possessed a firearm under U.S.S.G. § 2D1.1(b)(1).
 
 
 5
 Bowser also contends that, even if he did possess the weapon during the commission of the offense, enhancement is still not appropriate. The commentary to section 2D1.1 instructs the sentencing court that enhancement should not be given if "it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, comment. (n. 3). A semi-automatic handgun "is designed to be used to threaten, injure, or kill human beings; it is not ordinarily used to hunt game." United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990). In addition, Bowser distributed methamphetamine from the building in which the handgun was located. We hold that the district court did not err by finding that it was not clearly improbable that the weapon was connected with the offense.
 
 
 6
 Bowser also contends that the sentencing court contravened Fed.R.Crim.P. 32(c)(3)(D) by failing to resolve a factual dispute as to whether Bowser possessed the weapon during the commission of the offense. Rule 32(c)(3)(D) provides that if the defendant "allege[s] any factual inaccuracy in the presentence investigation report," the sentencing court shall either make a finding as to the allegation or make a determination that such a finding is irrelevant to sentencing. Bowser claims that no drugs were ever located in the same room as the handgun, and therefore he did not possess the weapon during the commission of the offense. See U.S.S.G. § 2D1.1(b)(1).
 
 
 7
 Bowser incorrectly relies on rule 32(c)(3)(D). The presentence report does not allege that the drugs and weapon shared a room, only that they shared the same combined business-residence. Presentence Report 5, 11. Bowser's allegations neither contradict the presentence report nor suggest that it is factually inaccurate. Therefore, the district court's lack of findings concerning Bowser's allegations is not error.
 
 
 8
 Bowser contends that the sentencing court erred by failing to hold an evidentiary hearing to determine whether methamphetamine was ever located in the same room as the handgun. Fed.R.Crim.P. 32(c)(3)(A) directs the sentencing court to allow the defendant to comment on the presentence report and, "in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." Because Bowser did not challenge the accuracy of the presentence report, the sentencing court did not abuse its discretion by refusing to hold an evidentiary hearing.
 
 
 9
 Bowser contends that the sentencing court failed to hold the Government to its burden of proof in showing that he possessed the weapon because it relied on "discovery." The only evidence offered outside of the presentence report in this "discovery" alleged that drugs and the weapon were in the same desk. It was irrelevant to the sentencing. The evidence in the presentence report adequately supports the enhancement, and the government has satisfied its burden of proof.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation