956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William H. BRADFORD, Defendant-Appellant.
 No. 91-30028.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 5, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William H. Bradford pleaded guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) (1988). On appeal he challenges the sentence imposed pursuant to the Sentencing Guidelines. He contends that (1) the district court erred in concluding that more than 1000 plants were seized; (2) arresting officers improperly handled the plants and thereby destroyed the evidence; (3) the guideline equivalency standard of one plant to one kilogram of marijuana is unconstitutional; and (4) the district court erred by increasing his base offense level two points for possessing weapons during commission of the crime. Bradford's first three contentions have been considered and rejected in a codefendant's appeal. See United States v. Belden, --- F.2d ----, No. 91-30022, slip op. 1705 (9th Cir. Feb. 20, 1992). Accordingly, we need only address his fourth contention.
 
 
 3
 A sentencing court must increase a defendant's base offense level by two points if a firearm was possessed during commission of the drug offense. U.S.S.G. § 2D1.1(b)(1). The court may decline to apply the enhancement only when it is clearly improbable that the weapon was connected with the offense. United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990). Bradford does not contend that he did not possess the weapons seized from his trailer. He also does not contend on appeal that the weapons were not used during commission of the offense or that it was clearly improbable that the weapons were connected with the offense. Rather, Bradford argues that he should not have received the enhancement because other codefendants did not.
 
 
 4
 We reject Bradford's argument. Aside from the fact that the weapons were found in Bradford's trailer and therefore logically could be associated only with him, the district court specifically made sure that Bradford's sentence was not disparate from his codefendants' sentences. After computing Bradford's base offense level, the district court elected to "depart" from that level by subtracting two points. Although the government acknowledges on appeal that such a "departure" is not permitted under the guidelines, it acquiesced in the departure, failed to object, and in fact contends that the sentence imposed is a reasonable one.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3