980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tomas CANUL-BASTO, Defendant-Appellant.
 No. 91-30412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 25, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tomas Canul-Basto appeals his conviction and sentence under the United States Sentencing Guidelines for possession with intent to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] He contends that the district court erred by denying his motion to suppress, that the evidence was insufficient to support his drug convictions, and that the district court enhanced his sentence improperly. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 BACKGROUND
 
 3
 On January 26, 1991, undercover police officer Jon Deese purchased one-sixteenth ounce of cocaine from a Hispanic female and a man introduced as "Gordon." Deese identified Canul-Basto as "Gordon" at trial. On January 27, 1991, Deese again purchased one-sixteenth ounce of cocaine from Canul-Basto and his colleagues. Both transactions took place at different motels in the Newport, Oregon area. Canul-Basto was present and handled the cocaine at both sales.
 
 
 4
 On February 26, 1991, Deese purchased cocaine at the Sands Motel in Newport. On March 1, 1991, police officer Dale Mullica applied for and obtained a warrant to search rooms 7 and 10 at the Sands Motel for drugs and drug paraphernalia. In support of his warrant application, Mullica submitted an affidavit that described Deese's February drug purchase and indicated that, on two separate instances, Mullica was contacted by concerned citizens reporting drug trafficking and unusual behavior at the Sands Motel. Mullica and other police officers executed the warrant on March 3, 1991.
 
 
 5
 Inside room 10, officers found Canul-Basto and a colleague. Mullica discovered cocaine and bullets, and another police officer, Tony Hernandez, discovered a gun in Canul-Basto's coat pocket. Canul-Basto told Hernandez that he owned the gun and the bullets, and that he had borrowed an Oldsmobile which was parked outside the Sands Motel. Cocaine was found in the Oldsmobile and also in room 7.
 
 
 6
 On September 5, 1991, a jury convicted Canul-Basto of possession and distribution of cocaine. On September 9, 1991, he pleaded guilty to illegal reentry. On November 12, 1991, the district court sentenced him to four 30-month prison terms to be served concurrently, followed by six years of supervised release. Canul-Basto timely appealed.
 
 DISCUSSION
 A. Search Warrant
 
 7
 "In reviewing the issuance of a search warrant, we determine whether the magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause." United States v. Hernandez, 937 F.2d 1490, 1494 (9th Cir.1991) (citation omitted); United States v. Brown, 951 F.2d 999, 1002 (9th Cir.1991).
 
 
 8
 Even if probable cause is lacking and the warrant is invalid, the district court may still deny a motion to suppress the evidence if the officers who executed the warrant had a reasonable belief in its validity. United States v. Leon, 468 U.S. 897, 920-23, 104 S.Ct. 3405, 3419-21, 82 L.Ed.2d 677 (1984); Brown, 951 F.2d at 1004.
 
 
 9
 Here, Mullica's supporting affidavit set forth general inferences regarding drug trafficking based on his training and experience. With respect to particular facts pertaining to the Sands Motel, Mullica stated that Deese had purchased cocaine from an unidentified Mexican male in room 7, that "concerned citizens" had reported drug trafficking in rooms 7 and 10, that men with Mexican surnames had rented them, and that people were constantly going back and forth between them.
 
 
 10
 Even if there could be doubt that the actual evidence of drug activity was not enough, it is clear that Mullica acted in good faith reliance on the warrant's validity. See Brown, 951 F.2d at 1004. The warrant was facially valid in that it specifically described the place to be searched and the items to be seized. See id. No facts suggested that the magistrate was not acting in a neutral and detached manner. See id. In addition, Mullica consulted with a deputy district attorney before submitting his warrant application to the magistrate. See id. at 1005 (consultation with government attorney is significant indication of good faith). Therefore, the district court did not err by denying Canul-Basto's suppression motion.
 
 B. Sufficiency of the Evidence
 
 11
 Canul-Basto failed to renew his acquittal motion at the close of the defense. Therefore, we address Canul-Basto's sufficiency claims only for plain error. See United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989).[2] We have done so and are satisfied that the evidence of constructive possession on March 3, 1991, and sales on January 26 and 27 of 1991 was sufficient to sustain the verdicts against him.
 
 C. Sentence Enhancements
 1. Willful Obstruction
 
 12
 Guidelines section 3C1.1 permits a district court to increase a defendant's base offense level by two if the defendant willfully perjures himself at trial. U.S.S.G. § 3C1.1, comment. (n. 3(b)). To punish a defendant for perjury does not impinge upon his right to testify in his own defense. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990).
 
 
 13
 Here, Canul-Basto chose to testify at his trial. He flatly denied any contact with Deese and any involvement with cocaine distribution. Canul-Basto denied being in Newport, Oregon on the days he sold cocaine to Deese, and he denied any association with the gun discovered in room 7, even though his fingerprints were found on it.
 
 
 14
 The district court's finding that Canul-Basto committed perjury was supported by the evidence and not clearly erroneous. See id. at 1370. Therefore, the enhancement for obstruction of justice was proper. See id.
 
 2. Acceptance of Responsibility
 
 15
 Whether an adjustment for acceptance of responsibility is appropriate is a factual finding reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The defendant must "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). "A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." Id. § 3E1.1(c).
 
 
 16
 The district court rejected Canul-Basto's assertion that he accepted responsibility simply by pleading guilty to Count 1, illegal reentry. The district court found that Canul-Basto's conduct failed to constitute an acceptance of responsibility and denied the reduction. That finding was not clearly erroneous.
 
 3. Firearm Enhancement
 
 17
 The Guidelines require a two-level enhancement to a defendant's base offense level if the defendant possessed a firearm during the commission of a drug offense. U.S.S.G. § 2D1.1(b)(1). "The enhancement may be applied 'if the weapon was present' unless it is 'clearly improbable that the weapon was connected with the offense.' " United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990) (citation omitted), cert. denied, --- U.S. ----, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991).
 
 
 18
 Here, the firearm was present during the commission of the offense, and bullets were found in the same room and in Canul-Basto's pockets. Canul-Basto indicated that he owned the gun, and his fingerprints were lifted from the gun. Canul-Basto argues that the evidence fails to show that the gun was used to "facilitate a transaction." He adds that the gun was empty and that it was not found near the drugs. Canul-Basto's arguments are meritless. The weapon was present, it was in his possession, and it was not improbable that it was connected to the offense.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Canul-Basto was also convicted of illegal reentry, in violation of 8 U.S.C. § 1326. He does not challenge this conviction
 
 
 [2]
 The government states because Canul-Basto's acquittal motion was directed only to the January, 1991 distribution offenses (Counts 3 and 4), Canul-Basto waived his sufficiency claim on the possession offense (Count 2). Appellee's Brief at 11-12. Assuming the government's assessment of Canul-Basto's motion is correct, Canul-Basto has indeed waived any error as to Count 2. Nonetheless, this court has the discretion to review Canul-Basto's sufficiency claim on Count 2 for plain error. See Hernandez, 876 F.2d at 777