988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Earl MORGAN, Defendant-Appellant.
 No. 91-50283.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 9, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-90-0652-SVW-13, Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, HUG and KOZINSKI, Circuit Judges.
 
 
 1
 The district court properly applied the provision in U.S.S.G. § 2D1.1(b)(1) for a two-level enhancement for possession of a firearm during a drug offense. Wire taps showed that Morgan arranged drug sales by telephone from his apartment, but Morgan argues there was no evidence he possessed the guns at the time of those calls. In determining whether the firearm possession took place "during the commission of the offense," the court may consider "all of the offense conduct, not just the crime of conviction." United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990). In addition to possession, Morgan was charged with conspiracy to distribute ending on August 17, 1990, the date he was arrested in his apartment with the handguns. While the United States Attorney agreed to drop the conspiracy charge in exchange for Morgan's guilty plea, the evidence of Morgan's involvement in the charged conspiracy was plainly sufficient to permit the court to consider the conduct underlying the conspiracy charge in imposing sentence. Because the charged conspiracy included the date Morgan was found with the guns, Morgan possessed the firearm during the offense, and the enhancement was proper. Id.
 
 
 2
 Given the common connection between firearms and drug trafficking, it is not "clearly improbable" that the guns found in Morgan's apartment were connected to the offense. United States v. Ramos, 861 F.2d 228, 231 n. 3 (9th Cir.1988) ("trafficking in narcotics is very often related to the carrying and use of firearms"). Accordingly, the exception to § 2D1.1(b)(1) does not apply.
 
 
 3
 Affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)