990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. VALDEZ, Defendant-Appellant.
 No. 92-30241.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Valdez appeals his conviction, following a jury trial, of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), four counts of engaging in financial transactions to promote cocaine distribution in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and one count of using a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Valdez contends that the district court erred by denying his motion to suppress statements made to arresting agents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress and uphold the district court's findings of fact unless they are clearly erroneous. United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 (9th Cir.1988). Determinations of a witness's credibility are left to the trier of fact and will be upheld unless clearly erroneous. United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1029 (1989).
 
 
 4
 Agents of the Internal Revenue Service and Federal Bureau of Investigation and troopers from the Alaska State Trooper Bureau of Drug Enforcement executed a federal search warrant on August 29, 1991. Valdez was arrested and charged as a result of the evidence gathered during the search. Valdez moved to suppress statements he made to agents during the search. At the suppression hearing Valdez, Trooper Bowman, and Agents Zeznock and Henderson testified.
 
 
 5
 Valdez testified that: Trooper Bowman, upon entering the apartment, pushed him back into the apartment and refused to allow him to leave; he was told to follow Bowman and Agent Zeznock into one of the bedrooms; he demanded to speak to an attorney; and that Bowman started to advise him of his Miranda rights, but never completed them. Valdez also testified that Bowman indicated that if Valdez cooperated with the authorities they would tell the judge of his cooperation. Valdez claimed that he believed he was not free to leave the apartment and that he was promised leniency in return for his cooperation.
 
 
 6
 The officers testified that once in the apartment: Trooper Bowman and Valdez spoke; Valdez told Bowman that he did not wish to talk in front of his friend, Denise Shade; Valdez followed Bowman and Zeznock to one of the bedrooms; Bowman specifically told Valdez, in Agent Zeznock's presence, that he was not under arrest. The officers testified that Valdez agreed to talk to the officers and the three spoke for 10 to 15 minutes. The officers stated that while Bowman and Zeznock spoke with Valdez, other agents discovered a plastic kilo-size bag wrapper containing a residue of white powder that tested positive for cocaine. Valdez was then arrested and informed of his rights, which he acknowledged he understood. The officers stated that Valdez did not request an attorney and continued to talk with the authorities. The officers testified that after inquiring about cooperating with the authorities in tracing others involved in drug trafficking, Valdez agreed to cooperate. The officers testified that Bowman and Zeznock agreed to speak favorably to the United States Attorney about Valdez's willingness to help.
 
 
 7
 While talking to the officers in the apartment, Valdez admitted to being involved in drug trafficking, identified the key to the apartment storage unit, and informed the officers that they would find approximately sixteen ounces of cocaine in the storage unit.
 
 
 8
 The district court found that the testimony of Bowman, Zeznock, and Henderson was "credible, detailed and complimentary." The district court found Valdez's testimony not credible: "His testimony was non-sequential, evasive, non-responsive and contradictory." We conclude that the district court's credibility determinations are supported by the record and are not clearly erroneous. See Vasquez, 858 F.2d at 1391.
 
 
 9
 Valdez contends that he made incriminating statements while subject to custodial interrogation without being advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Valdez argues that he was told he could not leave the apartment and that the agents did not honor his request to speak with an attorney. This contention is without merit.
 
 
 10
 The district court's conclusion that Valdez was not subjected to custodial interrogation is essentially a factual determination reviewed under the clearly erroneous standard. See Medeiros v. Shimoda, 889 F.2d 819, 822 (9th Cir.1989), cert. denied, 496 U.S. 938 (1990). "A defendant is in custody when, based upon the review of all the pertinent facts, 'a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave.' " United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir.1985) (quoting United States v. Booth, 669 F.2d 1231, 1235 (9th Cir.1981)). Unless and until an individual subjected to custodial interrogation is advised of his Miranda rights, evidence obtained as a result of the interrogation cannot be used against him. Miranda, 384 U.S. at 477-79.
 
 
 11
 Here, it was Valdez who first expressed the desire to talk privately with the agents. Valdez was specifically told he was not under arrest, nor was he physically restrained. Moreover, once officers discovered the plastic bag with cocaine residue they advised him of his Miranda rights, which he acknowledged he understood. In light of this evidence, we determine that the district court's finding that Valdez was not in custody when he made his initial statements was not clearly erroneous. See Wauneka, 770 F.2d at 1438-39.
 
 
 12
 Valdez also contends that his confession was induced by promises of leniency and threats of an increased sentence if he did not cooperate. This contention is without merit.
 
 
 13
 The district court's conclusion that Valdez's statements were voluntary is reviewed de novo. United States v. Willard, 919 F.2d 606, 608 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991). A statement is involuntary, and therefore inadmissable, if it is extracted by any sort of threats or violence, or obtained by any direct or indirect influence. United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988). The promise must be sufficiently compelling to overbear the suspect's will in light of all attendant circumstances. Id. "An interrogation agent's promise to inform the government prosecutor about a suspect's cooperation does not render a subsequent statement involuntary, even when it is accompanied by a promise to recommend leniency or by speculation that cooperation will have a positive effect." Id.
 
 
 14
 Valdez's speculation that his cooperation would have a positive effect and the specific promise to inform the United States Attorney of Valdez's cooperation does not render his statements involuntary. See id. There is no other evidence in the record of promises, coercion, or threats.
 
 
 15
 Accordingly, the district court did not err by denying Valdez's motion to suppress.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3