28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo Victor NAHOE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis SCHWARZ, Defendant-Appellant.
 Nos. 93-50517, 93-50520.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided July 8, 1994.
 
 Before: FLETCHER, FARRIS,* and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guillermo Nahoe and Curtis Schwartz appeal their sentences following guilty pleas to charges of conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). We affirm.
 
 
 3
 * Nahoe contends that the district court erred in computing his sentence by applying a two level upward adjustment for possession of a dangerous weapon. See U.S.S.G. Sec. 2D1.1(b)(1). This court reviews for clear error a district court's finding that a weapon was possessed, within the meaning of section 2D1.1(b)(1). United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). An enhancement under section 2D1.1(b)(1) is proper if (a) the defendant possessed the weapon, and (b) it is not clearly improbable that it was connected with the offense. See United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991).
 
 
 4
 Nahoe's assertion that he possessed the gun as protection against rioters, and that he had no intention of bringing any of the cocaine to his garage for cutting and packaging, is not implausible. However, it also is plausible that the gun was possessed as protection for the cocaine packaging and cutting operation in Nahoe's garage, and that even if Nahoe did not intend to process the entire 42 kilograms of cocaine, he intended to cut and package some of it there. Cf. Stewart, 926 F.2d at 901-02 (noting that because conspiracy is ongoing activity, proximity of a weapon to the overt act charged is of less concern than might otherwise be the case); United States v. Moreno, 899 F.2d 465, 470-71 (6th Cir.1990) (same) see also Willard, 919 F.2d at 610 (same). The fact that the gun was found 120 miles from the site of the overt acts charged, therefore, is not determinative. Proximity may be a sufficient condition to establish a connection with the offense, but it is not a necessary condition. Willard, 919 F.2d at 610.
 
 
 5
 Accordingly, we conclude that it is not "clearly implausible" that the gun was connected with the conspiracy. The district court's finding that Nahoe possessed a dangerous weapon within the meaning of section 2D1.1(b)(1) therefore is not clearly erroneous.
 
 II
 
 6
 Schwartz argues that even though he pleaded guilty to conspiring with Nahoe, he should have been sentenced on the basis only of the ten kilograms of cocaine for which he furnished the collateral. There is no merit to this contention. The scope of his agreement with Nahoe is indicated, at a minimum, by the amount of cocaine he arrived to pick up on behalf of himself and Nahoe: 42 kilograms. See U.S.S.G. Sec. 1B1.3 comment. (n. 2):
 
 
 7
 With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably forseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.
 
 
 8
 Schwartz's arrival to pick up the entire 42 kilograms is direct involvement in the acquisition of that quantity of cocaine. Even were he then to have delivered 32 kilograms to Nahoe and not shared in the profits from its sale, this conduct still would amount to joint activity to acquire and distribute 42 kilograms of cocaine.
 
 III
 
 9
 Schwartz contends that the district court could not sentence him for conspiracy to possess 42 kilograms of cocaine, or even 10 kilograms of cocaine, because he neither intended to purchase any cocaine, nor was he capable of doing so. See U.S.S.G. Sec. 2D1.1 comment. (n. 12). To qualify for an exclusion under section 2D1.1, the defendant bears the burden of proving that he lacked both the requisite intent and the requisite capability. United States v. Barnes, 993 F.2d 680, 682-83 & n. 1. (9th Cir.1993). Schwartz has failed to carry this burden.
 
 
 10
 Schwartz does not dispute that the collateral Nahoe put up was worth $300,000. This fact indicates that Schwartz, acting in concert with Nahoe (as he expressly admitted to doing when he pleaded guilty to the conspiracy count), was capable of purchasing at least 30 kilograms of cocaine at the agreed price. See United States v. Mena-Robles, 4 F.3d 1026, 1034-35 (1st Cir.1993) (personal inability of one coconspirator to pay for drugs irrelevant if other coconspirators could produce required funds), cert. denied, 114 S.Ct. 1550 (1994). Because 30 kilograms result in the same offense level as 42 kilograms, see U.S.S.G. Sec. 2D1.1(c)(5), any error committed by the district court was harmless. The district court imposed on Schwartz the shortest possible sentence in the applicable guideline range.
 
 CONCLUSION
 
 11
 For the reasons set forth above, we AFFIRM the sentences imposed on Schwartz and Nahoe.
 
 
 
 *
 Judge Farris was drawn to replace Judge Hall. He has read the briefs, reviewed the record and listened to the tape of oral argument held on June 8, 1994
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3