112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus PADILLA, Defendant-Appellant.
 No. 96-50312.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Padilla appeals his 135-month sentence imposed following a guilty plea to possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Padilla contends that the district court erred by enhancing his base offense level by two-levels pursuant to U.S.S.G. § 2D1.1(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the guidelines, and review its application of the guidelines for an abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review for clear error the district court's factual findings, see id., and we affirm.
 
 
 3
 Padilla contends that the district court erroneously enhanced his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because it was clearly improbable that the .9 millimeter handgun found between his mattress was connected with his drug offense. Specifically, he contends that the enhancement is inconsistent with the district court's finding that he was a minimal participant. Padilla also argues that he did not possess the gun while he unloaded the cocaine, and his statement that he bought the gun to protect his family was uncontradicted. These claims lack merit.
 
 
 4
 U.S.S.G. § 2D1.1(b)(1) provides for a two-point upward adjustment in a defendant's base offense level for possession of a dangerous weapon during a drug offense, see U.S.S.G. § 2D1.1(b)(1) (1995); United States v. Heldberg, 907 F.2d 91, 93 (1990), unless it is "clearly improbable" that the weapon was connected to the offense. See U.S.S.G. 2D1.1, comment. (n. 3). A district court can apply section 2D1.1(b)(1) even though the guns and drugs were not found in proximity to one another. See United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990).
 
 
 5
 Here, the district court applied section 2D1.1(b)(1) because it adopted the presentence report writer's position that Padilla possessed the handgun to guard the drugs. The court based its finding on the fact that the gun was loaded and found in Padilla's bedroom, which looked out onto the shed where he and his co-defendant housed approximately 320 kilograms of cocaine.
 
 
 6
 The district court's application of the enhancement was not inconsistent with its finding that Padilla was a minimal participant, because the presence of firearms in connection with drugs makes for a volatile situation, regardless of the role of the possessor. See U.S.S.G. § 2D1.1(b)(1), comment. (n. 3). Additionally, Padilla did not have to possess the gun while unloading the drugs, in order for section 2D1.1(b)(1) to be applicable. See Willard, 919 F.2d at 610. Finally, Padilla's statement that he purchased the gun to protect his family is not, by itself, convincing evidence that the gun was not connected to the drugs. Accordingly, the district court did not clearly err by applying section 2D1.1(b)(1) to Padilla's base offense level. See Robinson, 94 F.3d at 1327.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3