116 F.3d 486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco J. CONTRERAS, Defendant-Appellant.
 No. 96-30086.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997.**
Decided June 4, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-95-05297-1-JET; Jack E. Tanner, District Judge, Presiding.
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Contreras appeals his sentence for possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 18 U.S.C. § 2. He also challenges the search warrants that led to discovery of a handgun which was the basis for an enhancement under USSG § 2D1.l(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 1. Search Warrants
 
 3
 Contreras entered a conditional guilty plea. He reserved the right to appeal "on the sole issue of sufficient probable cause to search [his] residence...." By its plain terms the plea agreement waived the right to appeal any aspect of the search warrant for the storage locker. We therefore decline to consider his challenge to that warrant. Further, his only probable cause challenge to the warrant to search his residence is based on overbreadth. Because we reject the contention that overbreadth is a subset of probable cause, this challenge fails.[1]
 
 
 4
 2. Enhancement for Possession of a Dangerous Weapon
 
 
 5
 Contreras contends that the district court improperly applied a two-level enhancement to his sentence for possession of a dangerous weapon and argues that recent cases require a closer nexus between the weapon and the offense other than mere possession. We review de novo a district court's interpretation of the sentencing guidelines. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 6
 In setting the base offense level, the court properly considered Contreras's admission of methamphetamine and handgun possession as relevant conduct under USSG § 1B1.3(a)(2). United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992). Relevant conduct under USSG § 1B1.3(a)(2) can support an enhancement under USSG § 2Dl.l(b)(1). United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990). A direct connection between the relevant conduct and possession of a handgun is not required to apply the enhancement. See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989); United States v. Pitts, 6 F.3d 1366, 1372 (9th Cir.1993).
 
 
 7
 The court did not clearly err by finding that Contreras failed to show that it was clearly improbable that the handgun was connected to his possession of methamphetamine.
 
 3. Safety Valve Provision
 
 8
 Contreras contends that he is a candidate for the "safety valve" provision of USSG § 5C1.2 and entitled to a two-level downward departure under USSG § 2Dl.l(b)(4). We review for clear error a district court's factual determination that a defendant is eligible for application of the "safety valve" provision. Shrestha, 86 F.3d at 938. Section 5C1.2 requires that he did not "possess a firearm ... in connection with the offense." The commentary to the guideline clarifies that " '[o]ffense'... mean[s] all relevant conduct."
 
 
 9
 Contreras possessed a handgun in connection with relevant conduct and does not meet the conditions for the "safety valve" provision. The court did not err in refusing to apply it.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Contreras argues for the first time in his reply brief that the plea agreement was ambiguous and, in the alternative, that he had ineffective assistance of counsel. We decline to review these additional claims. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)