122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Armando BEJAR, Defendant-Appellant.
 No. 96-30263.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-95-00441-01MFM; Malcolm F. Marsh, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Armando Bejar appeals his 210--month sentence imposed following a guilty plea to conspiracy to distribute and possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bejar contends that the district court Erred by: (1) enhancing his base offense level by two points for possession of a firearm during a drug conspiracy; and (2) granting a limited downward departure from the Career Offender guideline to a criminal history category of IV. We review de novo the district court's interpretation of the guidelines and its factual findings for clear error. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's decision to depart for an abuse of discretion. See United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Bejar contends that the district court erroneously enhanced his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because the gun was found in the possession of one of his codefendants. Bejar contends further that the gun was used in connection with his codefendant's personal drug enterprise and, thus, its possession was unforeseeable to him. These claims lack merit.
 
 
 4
 U S.S.G. § 2D1.1(b)(1) provides for a two-point upward adjustment in a defendant's base offense level for possession of a dangerous weapon during a drug offense, see U.S.S.G. § 2D1.1(b)(1) (1995); United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990), unless it is "clearly improbable" that the weapon was connected to the offense. See U.S.S.G. § 2D1.1, comment. (n.3). Possession on the defendant's person is not required for section 2D1.1(b)(1) to apply. See United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990). A defendant who is convicted of conspiracy is responsible for the actions of his codefendants that are reasonably foreseeable and are executed in furtherance of the conspiracy. See United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 5
 Here, the district court applied section 2D1.1(b)(1) because the gun was found in the "stash house" which was controlled by Bejar's second-in-command. The district court concluded that it was foreseeable that Bejar's codefendant would possess a firearm to protect himself and the drugs.
 
 
 6
 The district court did not clearly err by finding that possession of a firearm by Bejar's second-in-command was reasonably foreseeable conduct done in furtherance of the drug conspiracy, even though Bejar was not seen at the "stash house". See Garcia, 909 F.2d at 1349; Willard, 919 F.2d at 610; Robinson, 94 F.3d at 1327. Accordingly, the district court did not err by applying section 2D1.1. See Robinson, at 1327.
 
 
 7
 Bejar also contends that the district court should have sentenced him according to a criminal history of III, instead of IV, when it decided to depart from the Career Criminal Offender guideline. We disagree.
 
 
 8
 A defendant can challenge the extent of a departure from the sentencing guidelines. See Sablan, 114 F.3d at 917. We will uphold the imposed sentence as long as the departure is not "so great as to be unreasonable," and the district court "sets out findings justifying the magnitude of its decision to depart and the extent of departure from the Guidelines." Id. at 919.
 
 
 9
 Here, the district court departed to criminal history category IV, instead of III, because it represented the seriousness of Bejar's continued involvement in the drug trade. The district court sentenced Bejar at the low end of the applicable guideline range because it reflected his "relatively minor prior involvement" in the drug trade. Because the district court justified its departure, and because the departure was not unreasonable, the district court did not abuse its discretion by sentencing Bejar according to the guideline range for a criminal history category IV. See id. at 917, 919.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3