139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Michael J. MARSHALL, Defendant-Appellant.
 No. 97-35403.
D.C. No. CV-96-00425-REJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Convicted drug dealer Michael Marshall collaterally attacks his sentence enhancement for firearms possession under U.S.S.G. § 2D1.1(b). He also contends that his counsel was ineffective for failing to object to the enhancement.
 
 
 3
 Marshall concedes that "the firearm was in a closed container behind the seat of the truck" which he drove and "the loaded clip and ammunition were in two other parts of the cab of the pick-up." As the driver, Marshall exercised dominion and control over the vehicle, implying knowledge and possession of its contents. United States v. Heldberg, 907 F.2d 91, 94 (9th Cir.1990) (driver of car is in possession of weapon in trunk). Marshall counters, however, that although he drove the truck to his initial meeting with federal agents, he did not drive it to the immediately subsequent encounter at which he actually sold drugs. He thus induces that he did not possess the gun during the offense. His argument founders on the rule that a § 2D1.1(b)(1) weapons enhancement does not require possession of weapon during the actual offense, but rather only during a course of conduct that includes the charged crime. United States v. Williams, 919 F.2d 606, 609-10 (9th Cir.1990).
 
 
 4
 Our finding of no error quells Marshall's claim that his attorney was ineffective for failing to object to such. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defendant must suffer prejudice).[1]
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Marshall also contends that the government improperly threatened to charge him with carrying a firearm during a drug offense in violation of 18 U.S.C. § 924(c). Marshall did not properly raise this issue in the district court, and we find no plain error