**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Derek Vincent MICHAUD, Defendant–Appellant.**

**No. 06–30315.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 9, 2007.

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq., Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

**MEMORANDUM** **

Defendant Derek Michaud pleaded guilty to distributing methamphetamine, possessing with the intent to distribute methamphetamine, and being a felon in possession of a firearm. He filed a timely appeal challenging the district court's sentencing decisions.

We review de novo a district court's interpretation of the Sentencing Guide-

lines, and we review its underlying factual findings related to sentencing for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). The sentence is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**A.  *U.S.S.G. § 2D1.1(b)(1) Enhancement***

U.S.S.G. § 2D1.1(b)(1) states: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The application notes explain:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

*Id.* cmt. n. 3.

We held in *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir.1989), that "in applying § 2D1.1(b)(1), the court need not find a *connection* between the firearm and the offense. If it finds that the defendant *possessed* the weapon during the commission of the offense, the enhancement is appropriate." *See also United States v. Willard*, 919 F.2d 606, 609 (9th Cir.1990) (affirming enhancement where the defendant was arrested in his car several miles from his place of business in which police later found guns); *United States v. Pitts*, 6 F.3d 1366, 1373 (9th Cir.1993) (upholding § 2D1.1(b)(1) enhancement where firearm found in the defendant's home two to four

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

months after commission of the charged offenses).

Here, the district court applied the two-level enhancement under § 2D1.1(b)(1) on the basis of a .32 caliber pistol found in the garage of Defendant's residence. Defendant admitted to ownership of the .32 caliber pistol, it was found in a garage to which he had access, in proximity to drug-packaging materials, and hidden inside a hat that Defendant wore to known drug sales. The district court did not err in finding that it was not "clearly improbable" that the pistol was connected to Defendant's drug offenses.

B. *Sentencing Entrapment*

Defendant requested a downward departure during sentencing on the claim that he was subjected to sentencing entrapment. He argues that the government unfairly set up multiple controlled drug buys, thus increasing the total amount of methamphetamine for which he was sentenced. "Sentencing entrapment occurs when a defendant, although predisposed to commit a *lesser* offense, is entrapped into committing a greater offense, subject to greater punishment." *United States v. Haynes*, 216 F.3d 789, 799 n. 9 (9th Cir. 2000). Here, Defendant did not demonstrate that the government's actions caused him to commit a greater offense than he was predisposed to commit.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.